UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| **ADAM VIDONI,** )<br>)<br>    Plaintiffs, )<br>)<br>v. )<br>)<br>**THE ACADIA CORPORATION,** )<br>)<br>    Defendants. ) | Case No. 1:11-cv-00448-NT |

**DEFENDANT'S MOTION TO DISMISS
AND SUPPORTING MEMORANDUM OF LAW (Rule 12(b)(6))**

Defendant The Acadia Corporation, ("Acadia") moves pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss all claims made against it in the Complaint filed by Plaintiff Adam Vidoni.

**INTRODUCTION**

Plaintiff filed a class action complaint against Acadia alleging a violation of the Fair and Accurate Credit Transactions Act of 2003 ("FACTA") because Acadia provided him with a credit card customer receipt that included both the last four digits of Plaintiff's credit card account number and the expiration date of that card, the latter of which constitutes a violation of the statute, albeit a harmless violation. Plaintiff has not claimed any actual damages as a result of this alleged violation, and instead is seeking statutory and punitive damages based upon Acadia's alleged "willful conduct."

Although FACTA was enacted in an effort to stymie identity fraud through theft of credit and debit card account information, this lawsuit involves no such damages.

1

Acadia has filed this motion to dismiss for failure to state a claim upon which relief can be granted because Plaintiff has failed to sufficiently allege that Acadia willfully violated FACTA.

## I. OVERVIEW

### A. Summary of Facts

Plaintiff purchased a meal using his credit card at the Jordan Pond House Restaurant on September 10, 2011. (Complaint, ¶ 12). Acadia operates the Jordan Pond House Restaurant and accepts credit cards and debit cards for payment. Plaintiff alleges that Acadia provided him with a paper receipt that displayed the expiration date of Plaintiff's credit card. (Complaint, ¶ 13). On November 23, 2011, Plaintiff filed a Class Action Complaint based upon the printed receipt in order to recover under the revised FACTA statute. (Complaint, ¶¶ 1-6). Plaintiff brings this class action lawsuit on behalf of a putative class of:

> [a]ll persons to whom Defendant provided an electronically printed receipt at the point of sale or transaction, in a transaction occurring after June 3, 2008, on which Defendant printed 1) more than the last five digits of the person [sic] credit card or debit card number, and/or; 2) the expiration date of the person's credit card number. Excluded from the class is any individual who has suffered identity theft…

(Complaint, ¶ 50). Plaintiff does not allege (and cannot in good faith allege) that he or any member of the proposed class suffered any actual damages.

### B. FACTA Background

FACTA was enacted in 2003 as an amendment to the Fair Credit Reporting Act to help combat identity theft and fraud. FACTA contains credit card and debit card receipt truncation and deletion requirements which prohibit merchants accepting credit and debit cards from printing more than the last five digits of the consumer's card number or the expiration date on any receipt provided to the consumer at the point of sale. 15 U.S.C. § 1681c(g)(1) (2008). All

credit card processing machines that printed consumer receipts were required to be compliant by December 4, 2006. Id. § 1681c(g)(3). If a merchant violates FACTA, the consumer may potentially recover actual damages or statutory damages from the merchant. 15 U.S.C. §§ 1681o, 1681n. Where, as here, the consumer does not allege any actual damages, in order to recover statutory damages, that consumer must prove that the merchant's violation of FACTA was willful. 15 U.S.C. §1681n. A consumer who cannot demonstrate either actual damages or the merchant's willful conduct cannot recover under these provisions of FACTA.

Shortly after FACTA became effective in 2006, hundreds of class action lawsuits were filed around the country against merchants who continued to print expiration dates on receipts, by class action plaintiffs alleging willful noncompliance. In response to the multitude of lawsuits, Congress passed The Credit and Debit Card Receipt Clarification Act of 2007 (the "Clarification Act"), Pub.L. No. 110-241, 122 Stat. 1565 (2008) (codified at 15 U.S.C. § 1681n(d)). In so doing, Congress expressly recognized that such lawsuits were "abusive" and represented a "significant burden on the hundreds of companies that have been sued." Clarification Act, §§ 2(a)(7), 2(b). The Clarification Act provided a limited exemption from liability for merchants who properly truncated the consumer's card number on receipts but inadvertently failed to delete the expiration dates on such receipts prior to the Clarification Act's effective date of June 3, 2008. 15 U.S.C. § 1681n(d).

## II. ARGUMENT

### A.  Legal Standard

A court will dismiss a claim pursuant to F. R. Civ. P. 12(b)(6) on the basis that the plaintiff has failed to state a claim upon which relief can be granted when, accepting as true the factual allegations of the complaint, and drawing all reasonable inferences in favor of the

plaintiff, it determines that the plaintiff has not set forth a plausible basis for recovery. *Trans-Spec Truck Serv., Inc. v. Caterpillar Inc.,* 524 F.3d 315, 320 (1st Cir. 2008). It is insufficient for a plaintiff to merely allege that a defendant acted unlawfully. Instead, a plaintiff must specifically allege facts which identify how the defendant harmed the plaintiff in a manner for which the law provides a remedy. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937 (2009). Conclusory allegations or allegations that are no more than a statement of a legal conclusion "are not entitled to the assumption of truth." *Id.* at 1950. In other words, the complaint's factual allegations must be enough to raise the plaintiff's right to relief above the speculative level. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Plaintiff must therefore show that the claims have facial plausibility. *Iqbal*, 129 S.Ct. at 1950. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Twombly*, 550 U.S. at 557 (brackets omitted). "The make-or-break standard...is that the combined allegations, taken as true, must state a plausible, not a merely conceivable, case for relief." *Sepúlveda–Villarini v. Dep't of Educ. of P.R.,* 628 F.3d 25, 29 (1st Cir.2010). Plaintiff's complaint falls short of the plausibility standard set forth in *Iqbal* and *Twombly* because it does not include any detail supporting the allegations that Acadia acted in willful disregard of FACTA's requirements.

### B. A "Willful" Violation of FACTA Requires Knowing or Reckless Conduct

A plaintiff seeking to recover statutory damages under FACTA must plead that the defendant acted willfully. The Supreme Court has interpreted FACTA's willfulness requirement to require a showing of knowing or reckless conduct. *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 68-69 (2007). Knowledge requires more than showing merely that a defendant knew about

4

the statute at issue and its potential applicability. *Fryer v. A.S.A.P Fire & Safety Corp., Inc.*, 658 F.3d 85, 92 (1st Cir. 2011) (construing willfulness under Uniformed Services Employment and Reemployment Rights Act).

As used in FACTA, recklessness has its common law meaning of "conduct violating an objective standard: action entailing an 'unjustifiably high risk of harm that is either known or so obvious that it should be known.'" *Safeco* at 68 (citing *Farmer v. Brennan*, 511 U.S. 825, 836 (1994). A party acts recklessly only when that party acts or intentionally fails to act when a duty is owed to another and when the party had reason to know that its conduct created an unreasonably high risk of harm to another and that the risk exceeds the risk arising from negligent conduct. *See Safeco*, 551 U.S. at 69 (citing RESTATEMENT (SECOND) OF TORTS § 500, p. 587 (1963-1964)).

### C. Plaintiff Fails to Plausibly Allege a Knowing or Reckless Violation of FACTA under *Iqbal*

Plaintiff makes several conclusory allegations that Acadia had "actual knowledge" of FACTA's requirements but pleads no specific facts which permit the inference that Acadia had actual knowledge of FACTA's mandates or recklessly disregarded those requirements. (Complaint, ¶ 42).

First, Plaintiff alleges that the requirements of FACTA were widely publicized and alleges numerous background "facts" concerning the state of industry and governmental knowledge about FACTA. (Complaint, ¶¶ 16-41). While there may have been general publicity surrounding *certain* FACTA requirements, Congress itself expressly found in enacting the Clarification Act, that "[m]any merchants understood that [FACTA] would be satisfied by truncating the account number down to the last 5 digits based in part on the language of the provision as well as the publicity in the aftermath of the passage of the law." Clarification Act, §

5

2(a)(3)[1]. Congress expressly recognized that the *expiration date removal* requirement of FACTA, as opposed to the *account number truncation* requirement, has been repeatedly misunderstood by merchants. Confusion still remains widespread despite the enactment of the Clarification Act.[2]

Plaintiff also does not plead that Acadia was actually notified of or had specific knowledge of FACTA's expiration date requirement, only that "upon information and belief" various groups—trade associations, credit card issuers, and point of sale providers—apprised Acadia concerning FACTA compliance in various press releases or vendor contracts. (Complaint, ¶¶ 43-47). From this, Plaintiff summarily concludes that Acadia was "repeatedly informed" of the obligation to remove expiration dates from receipts, and that all such violations must therefore have been "knowing violations." (Complaint, ¶ 70). Such conclusory allegations are unsupported by any pled facts and "are not entitled to the assumption of truth." *Iqbal*, 129 S.Ct. at 1940. Similarly generic "notice allegations" have been rejected in a number of cases construing identical FACTA violations on motions to dismiss throughout the country. *Huggins v. SpaClinic, LLC*, No. 09-CV-02677, 2010 WL 963924, at *2 (N.D. Ill., 2010) (facts that FACTA requirements were "well-publicized" and banks and credit card companies required compliance by contract did not raise an inference of knowing or reckless disregard of FACTA by

---

[1] On a motion to dismiss, the district court may, without converting the motion to dismiss to a motion for summary judgment, "augment [] facts and inferences with data points gleaned from documents incorporated by reference into the complaint, matters of public record, and facts susceptible to judicial notice. *In re Colonial Mortg. Bankers Corp.,* 324 F.3d 12, 15 (1st Cir. 2003). A court may consider congressional findings in a federal statute on a motion to dismiss as matters of public record. *Greene v. Rhode Island*, 398 F.3d. 45, 49 (1st Cir. 2005).

[2] Even Plaintiff seems to be confused over this distinction. Plaintiff alleges that Acadia violated the "truncation" and expiration date removal requirements of FACTA. (Complaint, ¶¶ 42-48). Yet in paragraph 66 of the Complaint, Plaintiff alleges only that Acadia provided him with a receipt containing only the expiration date. The only issue is whether Acadia willfully failed to *remove* the expiration dates (not truncate the card number) on customer receipts. (Complaint, ¶ 66).

defendant); *Rosenthal v. Longchamp Coral Gables LLC*, 603 F. Supp. 2d 1359, 1362 (S.D. Fla. 2009) (same); *Gardner v. Appleton Baseball Club*, No. 09-C-705, 2010 WL 1368663, at *5 (same); *Seo v. CC CJV American Holdings, Inc.,* 2011 WL 4946507 (C.D. Cal. 2011) (fact that FACTA information was generally available to defendant does nothing to support Plaintiff's assertion that defendant was notified of FACTA's provisions and knowingly ignored them).

Plaintiff alleges that most of Acadia's business peers readily complied with FACTA. (Complaint, ¶ 71). Again, this is a generalized statement, which is itself questionable in light of the Congressional findings in the Clarification Act.[3] *Gardner*, 2010 WL 1368663, at *5 ("[T]he express findings of Congress…undercut[] the Plaintiff's suggestion that compliance with the statute is so common that noncompliance is synonymous with *willful* noncompliance."). The substance of Plaintiff's allegation is essentially that "because most businesses know the law and follow it, the Defendant's failure to do so must have been willful." *Id.* at *5. Even if true, such a generalized allegation raises no *specific* inference that Acadia knowingly or recklessly disregarded the law. *See id.*

Indeed, several of the facts alleged by Plaintiff contradict Plaintiff's own claims that Acadia knowingly disregarded its obligations under FACTA. Plaintiff alleges that Acadia properly truncated the card number at its restaurant location, and both properly truncated account numbers and removed the expiration dates on receipts issued at its other retail locations. (Complaint, ¶¶ 15, 48, 71). These allegations do not plausibly suggest that Acadia knowingly disregarded the law. Acadia's intent not to violate FACTA is evidenced by its full compliance at its other locations as acknowledged in the Complaint. A merchant has nothing to gain by failing to remove the expiration date on its customer receipts, but everything to lose in the form of

---

[3] This assertion itself is also flatly contradicted by the flood of abusive FACTA class-action lawsuits over the last several years, including several hundred which Congress effectively ended through passage of the Clarification Act. Clarification Act, §§ 2(a)(4), 2(b).

potentially ruinous statutory damages in a class action lawsuit.  Instead, these allegations are a strong indication of Acadia's good faith attempts to comply with FACTA across its several locations, and even at its restaurant location.  *See Fryer*, 658 F.3d at 92 (Where defendant made reasonable, good-faith efforts to determine that its actions complied with the statute, a finding of willfulness is not appropriate even though defendant's actions in fact violated the statute).  At most, the inadvertent failure to remove the expiration dates on receipts at one location supports only an inference of negligence, if even that.[4]  *See SpaClinic*, 2010 WL 963924, at *2 (On similar facts, including that defendant complied with FACTA at a number of its locations, allegations only established, at most, a plausible claim of negligence).

Acadia's attempts to ensure FACTA compliance at its other locations also demonstrate that Acadia did not recklessly disregard the requirements of FACTA.  The Complaint's allegations purportedly supporting the claim of recklessness—that Acadia neglected to prevent a printed receipt from containing an expiration date—do not address whether Acadia failed to act or whether that failure created an objectively high risk of harm.  Recklessness occurs only when a party acts or intentionally fails to act when a duty is owed to another <u>and</u> when the party had reason to know that its conduct created an unreasonable risk of harm to another and that the risk exceeds the risk arising from negligent conduct.  *See Safeco*, 551 U.S. at 69 (citing RESTATEMENT (SECOND) OF TORTS § 500, p. 587 (1963-1964)).  As the district court stated in *Gardener*, "[t]he fact that the account number was properly truncated shows that the Defendant attempted to comply with FACTA, and given the fact that no additional protection of the

---

[4] While a number of cases have reached a different result on substantially similar facts, most of these cases predate the Supreme Court's decision in *Iqbal*. *E.g.*, *Follman v. Hospitality Plus of Carpentersville, Inc.*, 532 F. Supp. 2d 960 (N.D. Ill. 2007); *Ramirez v. MGM Mirage, Inc.*, 524 F. Supp. 2d 1226 (D. Nev., 2007); *Follman v. Village Squire, Inc.*, F. Supp. 2d 816 (N.D. Ill. 2007); *Ehrheart v. Lifetime Brands, Inc.*, 498 F. Supp. 2d 753 (E.D. Pa., 2007). *See also Gardner*, 2010 WL 1368663, at *4 (distinguishing these types of cases because they were decided before *Iqbal*).

consumer is achieved by deleting the expiration date, it can hardly be said that its action "entail[ed] an unjustifiably high risk of harm that is either known or so obvious that it should be known." *Gardner*, 2010 WL 1368663, at *6 (citing *Safeco*, 551 U.S. at 68).

With respect to Acadia's purportedly reckless conduct, the Complaint is also notable for what it does *not* allege. Plaintiff does not allege any actual harm or that his identity was stolen. In addition, Plaintiff actually proposes to define the class to exclude any potential member that did suffer actual harm. (Complaint, ¶ 50). Given the Congressional finding that "[e]xperts in the field agree that proper truncation of the card number, by itself…regardless of the inclusion of the expiration date, prevents a potential fraudster from perpetrating identity theft," it can hardly be said that Acadia's failure to remove the expiration date created a high risk of harm. Clarification Act, § 2(a)(6). Plaintiff has thus failed to adequately allege (nor could he in good faith allege so) that Acadia had reason to know that its conduct created an unreasonable risk of harm, because there is no plausible risk of harm. *Id.* Plaintiff also does not allege that Acadia failed to investigate FACTA's requirements or failed to take reasonable actions to comply with the law and prevent harm to consumers. *Rosenthal*, 603 F.Supp.2d at 1362 (recognizing that such allegations were crucial to a claim that defendant recklessly violated FACTA). Finally, Plaintiff makes no allegations which suggest that Acadia had any plausible reason or motive to disregard FACTA. *Gardner*, 2010 WL 1368663, at *6 (citing the lack of such allegations in dismissing plaintiff's FACTA claim). The absence of these allegations is fatal to Plaintiff's claim that Acadia acted recklessly.

## CONCLUSION

For the foregoing reasons, the Complaint fails to sufficiently allege that Acadia acted in knowing or reckless disregard of FACTA. Accordingly Acadia's Motion to Dismiss should be granted and all claims against Defendant should be dismissed.

Dated at Bangor, Maine, this 27th day of January, 2012.

                THE ACADIA CORPORATION, DEFENDANT

            BY  */s/ Bernard J. Kubetz*
                  Bernard J. Kubetz, Esq.
                  Eaton Peabody
                  80 Exchange Street
                  P. O. Box 1210
                  Bangor, Maine 04402-1210
                  207-947-0111
                  *Counsel for Defendant*

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 27, 2012, I electronically filed the foregoing Motion to Dismiss with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Gary F. Lynch, Esq. (glynch@carlsonlynch.com)
R. Bruce Carlson, Esq. (bcarlson@carlsonlynch.com
CARLSON LYNCH LTD.
P. O. Box 7635
New Castle, PA 16107
724-656-1555

John J. Edson, Esq. (lesterlaw@comcast.net)
400 Broad Street, Suite 2001
Sewickley, PA 15143
412-741-1445

Steven J. Mogul, Esq. (mogul@grossminsky.com)
GROSS, MINSKY & MOGUL, P.A.
P. O. Box 917
Bangor, ME 04402-0917
207-942-4644

*/s/ Bernard J. Kubetz*
Bernard J. Kubetz

11