IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | |
|---|---|
| ADAM VIDONI, )<br>individually and on behalf of all )<br>others similarly situated, )<br>                                              )<br>            Plaintiff, )<br>                                              )<br>v.                                        )<br>                                              )<br>THE ACADIA CORPORATION, )<br>                                              )<br>            Defendant. ) | Case No. 1:11-cv-00448-NT<br><br>Filed Electronically |

**PLAINTIFF'S MEMORANDUM IN
<u>OPPOSITION TO DEFENDANT'S MOTION TO DISMISS</u>**

**I.     INTRODUCTION**

This case is being brought as a putative class action under the Fair and Accurate Credit Transaction Act of 2003 ("FACTA") which, in amending the Fair Credit Reporting Act ("FCRA"), requires merchants who accept credit and/or debit cards for purchases to undertake certain safeguards against consumer identity theft.  Specifically, under FACTA, merchants are required to truncate the consumer's credit card number to five or fewer digits and entirely redact the credit card's expiration date from any printed receipt provided to the consumer at the point of sale.  Although enacted in 2003, FACTA provided up to a three-year grace period to enable merchants to comply.  After such grace period, however, FACTA provides for civil liability for willful noncompliance equal to:  "[A]ny actual damages sustained by the consumer as a result of the failure **OR** damages of not less than $100 and not more than $1,000."  15 U.S.C.A. § 1681n (emphasis added).

After FACTA became fully effective, Plaintiff was provided with a credit card receipt by Defendant that failed to comply with FACTA's requirements.  Plaintiff alleges that Defendant's

violation was willful, alleges abundant facts demonstrating why the violation was willful and seeks to represent a class of similarly-situated individuals. Defendant has moved to dismiss Plaintiff's complaint, pursuant to Fed.R.Civ.P. 12, claiming that Plaintiff's allegations of Defendant's willful noncompliance are insufficient. However, because Plaintiff has properly pled and can prove willfulness under FACTA by objectively demonstrating that Defendant "recklessly" failed to comply with FACTA's truncation requirements, Defendant's argument is devoid of merit and there is no authority which supports Defendant's unusual argument that the willfulness issue can be properly adjudicated in the context of a Rule 12 motion. For the reasons set forth herein, Plaintiff respectfully requests that Defendant's motion be denied.

## II.      FACTA – AN OVERVIEW

As the preamble to the legislation indicates, FACTA amended the FCRA "to prevent identity theft, improve resolution of consumer disputes, improve the accuracy of consumer records, make improvements in the use of, and consumer access to, credit information, and for other purposes."

Consistent with Congress' stated intention to "prevent identity theft," FACTA amended Section 1681(c) of the FCRA to add the following provision:

> (g) TRUNCATION OF CREDIT CARD AND DEBIT CARD NUMBERS.
>
> > (1) IN GENERAL. Except as otherwise provided in this subsection, no person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of the sale or transaction.
> >
> > (2) LIMITATION. This subsection shall apply only to receipts that are electronically printed, and shall not apply to transactions in which the sole means of recording a credit card or debit card account number is by handwriting or by an imprint or copy of the card.

> (3) EFFECTIVE DATE.  This subsection shall become effective—
>
>> (A) 3 years after the date of enactment of this subsection, with respect to any cash register or other machine or device that electronically prints receipts for credit card or debit card transactions that is in use before January 1, 2005; and
>>
>> (B) 1 year after the date of enactment of this subsection, with respect to any cash register or other machine or device that electronically prints receipts for credit card or debit card transactions that is first put into use on or after January 2005.

As part of the FCRA, FACTA is governed by the FCRA's private enforcement mechanism.  This enforcement mechanism, which was enacted and in place before FACTA was passed, provides for separate liability and damages for "negligent noncompliance" versus "willful noncompliance."  For negligent noncompliance, Section 1681o of the FCRA provides, in relevant part, that: "Any person who is negligent in failing to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer in an amount equal to – any actual damages sustained by the consumer as a result of the failure . . . ." 15 U.S.C.A. § 1681o(a).

For willful noncompliance, however, the damages provision is expanded to include actual damages OR statutory damages.  Specifically, Section 1681n of the FCRA provides, in relevant part, that: "Any person who willfully fails to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer in an amount equal to the sum of – any actual damages sustained by the consumer as a result of the failure **OR** damages of not less than $100 and not more than $1,000. . . ."  15 U.S.C.A. § 1681n(a)(emphasis added).

There is no requirement that a plaintiff establish actual damages in order to recover for violations of FACTA:

> …Congress explicitly provided that FCRA plaintiffs may recover statutory damages of $100 to $1,000 for willful violations.  Courts interpreting the FCRA

3

> agree with this analysis. *See, e.g., Hernandez v. Chase Bank USA, N.A.*, 429 F.Supp. 2d 983, 988-89 (N.D.Ill. 2006) (denying motion to dismiss because the complaint stated a FCRA violation despite not alleging actual damages: 'The decision in *Murray* forecloses any arguments that actual damages need to be established for a willful violation of the FCRA') (referencing *Murray v. GMAC Mortg. Corp.*, 434 F.3d 948 (7th Cir. 2006)). As the Seventh Circuit observed in *Murray*, statutes like the FCRA provide for modest damages without proof of injury because the actual loss suffered by an individual is likely to be small and hard to quantify: 'a modest concern about privacy, a slight chance that information would leak out and lead to identity theft.' *Murray*, 434 F.3d at 953.

*Pirian v. In-N-Out Burgers*, 2007 WL 1040864 at *4 (C.D.Cal. 2007). *See also Murray v. Sunrise Chevrolet, Inc.*, 441 F.Supp. 2d 940, 949 (N.D.Ill. 2006) ("In short, the plaintiff class members may still seek so-called statutory damages as an alternative remedy when they cannot prove and do not seek actual damages. The statute simply limits the amount of statutory damages available to a plaintiff if she cannot prove actual injury or harm.").

### III.  THE CLARIFICATION ACT

Plaintiff's Complaint alleges that FACTA was violated on September 10, 2011, when Defendant provided him with an electronically printed receipt on which Defendant printed the expiration date of Plaintiff's credit card. Complaint, ¶¶ 12-13. This violation is significant because it occurred after June 3, 2008 – the date on which the Credit and Debit Card Receipt Clarification Act of 2007, Pub.L. 110-241, §3(a), June 3, 2008, 122 Stat. 1566 (hereinafter the "Clarification Act") became effective. The Clarification Act shielded any business that printed an expiration date on a credit or debit card receipt between December 4, 2004 and June 3, 2008 from a finding of willful noncompliance with FACTA.

The Clarification Act did not eliminate the statutory requirement that card expiration dates not be printed on the credit or debit card receipts. Instead, it created a retroactive safe harbor based on the belief that the original act was confusing as to whether card expiration dates were also required to be redacted. By maintaining the requirement that expiration dates must be

4

deleted, however, the Clarification Act made clear that liability under FACTA can attach when, as in the instant case, a merchant continued to print expiration dates on cardholder receipts after June 3, 2008.  See *Smith v. Zazzle.com*, 589 F.Supp. 2d 1345, 1346 n.1 (S.D.Fl. 2008) ("The undersigned has considered the applicability of the Credit and Debit Card Receipt Clarification Act…in which Congress altered the elements necessary for a willful violation for those receipts provided to card holders between December 4, 2004 and June 3, 2008…However, this amendment is not applicable to the instant action because the conduct complained of occurred after June 3, 2008.").

## IV. ARGUMENT

### A. Applicable "Willfulness" Standard

The Supreme Court addressed the issue of what constitutes a willful violation under §1681n(a) in *Safeco Ins. Co. of America v. Burr*, 551 U.S. 47, 127 S.Ct. 2201 (2007), and held that a willful violation occurs when a defendant knowingly and intentionally performs an act that violated the statute, either knowing that the action violates the rights of consumers or is in reckless disregard of those rights:

> GEICO and Safeco argue that liability under § 1681n(a) for "willfully fail[ing] to comply" with FCRA goes only to acts known to violate the Act, not to reckless disregard of statutory duty, but we think they are wrong. We have said before that "willfully" is a "word of many meanings whose construction is often dependent on the context in which it appears," *Bryan v. United States*, 524 U.S. 184, 191, 118 S.Ct. 1939, 141 L.Ed. 2d 197 (1998) (internal quotation marks omitted); and **where willfulness is a statutory condition of civil liability, we have generally taken it to cover not only knowing violations of a standard, but reckless ones as well**, see *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 132-133, 108 S.Ct. 1677, 100 L.Ed.2d 115 (1988) ("willful," as used in a limitation provision for actions under the Fair Labor Standards Act, covers claims of reckless violation); *Trans World Airlines, Inc. v. Thurston*, 469 U.S. 111, 125-126, 105 S.Ct. 613, 83 L.Ed.2d 523 (1985) (same, as to a liquidated damages provision of the Age Discrimination in Employment Act of 1967); cf. *United States v. Illinois Central R. Co.*, 303 U.S. 239, 242-243, 58 S.Ct. 533, 82 L.Ed. 773 (1938) ("willfully," as used in a civil penalty provision, includes " 'conduct marked by careless disregard

5

> whether or not one has the right so to act' " (quoting *United States v. Murdock*, 290 U.S. 389, 395, 54 S.Ct. 223, 78 L.Ed. 381 (1933))). This construction reflects common law usage, which treated actions in "reckless disregard" of the law as "willful" violations. *See* W. Keeton, D. Dobbs, R. Keeton, & D. Owen, PROSSER AND KEETON ON LAW OF TORTS § 34, p. 212 (5th ed. 1984) (hereinafter PROSSER AND KEETON) ("Although efforts have been made to distinguish" the terms "willful," "wanton," and "reckless," "such distinctions have consistently been ignored, and the three terms have been treated as meaning the same thing, or at least as coming out at the same legal exit"). **The standard civil usage thus counsels reading the phrase "willfully fails to comply" in § 1681n(a) as reaching reckless FCRA violations**, and this is so both on the interpretive assumption that Congress knows how we construe statutes and expects us to run true to form, *see Commissioner v. Keystone Consol. Industries, Inc.*, 508 U.S. 152, 159, 113 S.Ct. 2006, 124 L.Ed.2d 71 (1993), and under the general rule that a common law term in a statute comes with a common law meaning, absent anything pointing another way, *Beck v. Prupis*, 529 U.S. 494, 500-501, 120 S.Ct. 1608, 146 L.Ed.2d 561 (2000).

*Id.* at 56-57 (emphasis added).

The Supreme Court expressly rejected the argument that only knowing violations of the statute can be considered willful violations.

> When the term "willful" or "willfully" has been used in a criminal statute, we have regularly read the modifier as limiting liability to knowing violations. *See Ratzlaf v. United States*, 510 U.S. 135, 137, 114 S.Ct. 655, 126 L.Ed. 2d 615 (1994); *Bryan v. United States*, 524 U.S. 184, 191-192, 118 S.Ct. 1939, 141 L.Ed. 2d 197 (1998); *Cheek v. United States*, 498 U.S. 192, 200-201, 111 S.Ct. 604, 112 L.Ed. 2d 617 (1991). This reading of the term, however, is tailored to the criminal law, where it is characteristically used to require a criminal intent beyond the purpose otherwise required for guilt, *Ratzlaf, supra,* at 136-137, 114 S.Ct. 655; or an additional "'bad purpose,'" *Bryan, supra*, at 191, 118 S.Ct. 1939; or specific intent to violate a known legal duty created by highly technical statutes, *Cheek, supra*, at 200-201, 111 S.Ct. 604. Thus we have consistently held that a defendant cannot harbor such criminal intent unless he "acted with knowledge that his conduct was unlawful." *Bryan, supra*, at 193, 118 S.Ct. 1939. **Civil use of the term, however, typically presents neither the textual nor the substantive reasons for pegging the threshold of liability at knowledge of wrongdoing**. *Cf. Farmer v. Brennan*, 511 U.S. 825, 836-837, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994) (contrasting the different uses of the term "recklessness" in civil and criminal contexts).

6

*Safeco Ins. Co.,* 551 U.S. at 57 n.9 (emphasis supplied). *See also id.* at 59 (explaining that under rules of statutory construction "'willfully' covers both knowing and reckless disregard of the law.").

> The Supreme Court then explained what constitutes recklessness under FACTA:
>
> While "the term recklessness is not self-defining," the common law has generally understood it in the sphere of civil liability as conduct violating an objective standard: action entailing "an unjustifiably high risk of harm that is either known or so obvious that it should be known." *Farmer v. Brennan*, 511 U.S. 825, 836, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994); *see* PROSSER AND KEETON § 34, at 213-214. The Restatement, for example, defines reckless disregard of a person's physical safety this way:
>
>> "The actor's conduct is in reckless disregard of the safety of another if he does an act or intentionally fails to do an act which it is his duty to the other to do, knowing or having reason to know of facts which would lead a reasonable man to realize, not only that his conduct creates an unreasonable risk of physical harm to another, but also that such risk is substantially greater than that which is necessary to make his conduct negligent." RESTATEMENT (SECOND) OF TORTS § 500, p. 587 (1963-1964). It is this high risk of harm, objectively assessed, that is the essence of recklessness at common law. *See* PROSSER AND KEETON § 34, at 213 (recklessness requires "a known or obvious risk that was so great as to make it highly probable that harm would follow").
>
> There being no indication that Congress had something different in mind, we have no reason to deviate from the common law understanding in applying the statute. *See Prupis*, 529 U.S., at 500-501, 120 S.Ct. 1608.

*Safeco Ins. Co.,* 551 U.S. at 68-69.

In turn, it is well settled that a determination of "willfulness" under FCRA (and FACTA) is almost always a question of fact for the jury. *See, e.g., Sheffer v. Experian Information Solutions, Inc.*, 2003 WL 21710573, *3 (E.D. Pa. July 24, 2003); *Harris v. Equifax Information Services, LLC*, 2007 WL 186826, *1-3 (D.S.C. June 26, 2007); *Thomas v. U.S. Bank*, 2007 WL 764312, *8 (D. Or. March 8, 2007); *Cairns v. GMAC Mortgage Corp.*, 2007 WL 735564, *8 (D.

Ariz. March 5, 2007); *Apodaca v. Discover Financial Services*, 417 F. Supp. 2d, 1234 (D. N.M. 2006); *Johnson v. MBNA America Bank, National Association*, 2006 WL 618077, *4 (M.D. N.C. March 9, 2006).  Therefore, this question is almost never properly decided by way of summary judgment, let alone by way of a Rule 12 motion. There is no authority supporting Defendant's novel argument that this issue can somehow properly be determined by way of a motion to dismiss, particularly in light of Plaintiff's detailed allegations supporting his claim of willfulness.

### B.     Plaintiff's Allegations of Willfulness

As alleged in his Complaint, on September 10, 2011, after the effective date of the statute and the Clarification Act, Defendant provided Plaintiff with an electronically printed receipt on which it printed the expiration date of Plaintiff's credit card.  Complaint, ¶¶ 12-13.  Plaintiff further alleges that Defendant "knew of, or should have known of, and were informed about the law, including specifically FACTA's requirements concerning the truncation of credit and debit card numbers and prohibition on printing of expiration dates."  Complaint, ¶ 69.

In support of his claim that Defendant's violation of FACTA was knowing or objectively reckless, Plaintiff alleges as follows:

> 42.     Defendant had actual knowledge of FACTA's truncation requirements, or acted recklessly with respect to FACTA's truncation requirements, specifically including the requirement that credit and debit card expiration dates be truncated on receipts presented to consumers at the point of sale.
>
> 43.     Upon information and belief, during all times relevant to this Complaint, Defendant has had agreements with various credit card issuers, including VISA, Mastercard, American Express and others, and that those agreements apprise Defendant of its obligation to truncate credit and debit card account numbers and expiration dates.
>
> 44.     Upon information and belief, prior to the transaction at issue, Defendant received periodic communications from credit card issuers advising Defendant of its obligation to truncate credit and debit card account numbers and expiration dates.

8

> 45. Upon information and belief, prior to the transaction at issue, Defendant received monthly statements from its merchant bank (or other similar entity that performed credit and debit card payment clearing services for Defendant) which apprised Defendant of its obligation to truncate credit and debit card account numbers and expiration dates.
>
> 46. Upon information and belief, prior to the transaction at issue, Defendant received written information from its POS (Point of Sale) provider(s) apprising Defendant of its obligation to truncate credit and debit card account numbers and expiration dates.
>
> 47. Upon information and belief, prior to the transaction at issue, Defendant received information from trade associations and/or other similar entities apprising Defendant of its obligation to truncate credit and debit card account numbers and expiration dates.
>
> 48. Upon information and belief, prior to the transaction at issue, Defendant was in compliance with FACTA's truncation requirements at certain of its businesses, but that notwithstanding its knowledge of these requirements, it permitted the printing of thousands of unlawful receipts – on a daily basis over a multi-year period – at the restaurant location operated by Defendant and described above.

Complaint, ¶¶ 42-48.[1]

For these reasons, (i.e., because Defendant was apprised of FACTA's truncation requirements, prior to the transaction at issue, by credit card issuers, its merchant bank, its POS provider and trade associations or other similar entities; because Defendant had identical private obligations to truncate that preceded the effective date of FACTA; because Defendant complied with FACTA's truncation requirements at certain of its other business locations; and, because Defendant was the recipient of abundant information about FACTA's truncation requirements,

---

[1] In addition, Plaintiff's Complaint sets forth myriad facts showing that: 1) there was substantial publicity, generally, regarding the truncation requirements of FACTA prior to its effective date; 2) substantial publicity surrounded the enactment of the Clarification Act; 3) trade associations for Defendant's business disseminated business information to their members publicizing FACTA's truncation requirements; and, 4) the FTC apprised Defendant of FACTA's truncation requirements prior to the occurrence of the violation being challenged by Plaintiff. See Complaint, ¶¶ 16-41.

generally) the Complaint alleges that Defendant's violation of FACTA was willful. Complaint, ¶¶ 68-71.

### C.     Plaintiff Has Sufficiently Pled Defendant's Willful Violation of FACTA

Defendant argues that Plaintiff's Complaint should be dismissed because it does not allege facts that exceed the speculative level and show that Plaintiff has a plausible basis to allege willfulness and, hence, entitlement to statutory damages. Defendant's argument, however, disregards the plain language of the Federal Rules of Civil Procedure.

Fed. R. Civ. P. 8(a) provides that a complaint shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(e) provides that "each averment of a pleading shall be simple, concise, and direct." Fed. R. Civ. P. 8(f) provides that all pleadings "shall be construed as to do substantial justice." Under the liberal system of "notice pleading" set up by these Rules, complaints need not contain factual detail. The United States Supreme Court explained in *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*:

> [T]he Federal Rules do not require a claimant to set out in detail the facts upon which he bases his claim. To the contrary all the Rules require is a 'short and plain statement of the claim' that will give Defendant fair notice of what the Plaintiff's claim is and the grounds upon which it rests.

507 U.S. 163, 168 (1993).

Defendant effectively asks this Court to apply a heightened pleading standard that violates not only Rule 8 of the Federal Rules of Civil Procedure, but Rule 9 as well. Fed.R.Civ.P. 9(b) provides that "malice, intent, knowledge, and other condition of mind of a person may be averred generally." The courts have firmly established that, pursuant to Rule 9(b), willfulness need not be pled with particularity. *See, e.g., Ferguson Beauregard/Logic Controls v. Mega Systems, LLC*, 350 F.3d 1327, 1343 (5th Cir. 2003). In *Pfister v. Allied Corp.*,

10

the court explained the rationale for Rule 9(b) as follows: "Were the Plaintiff required to aver conditions of the mind with specificity, it would be virtually impossible to do so without presenting all the evidence bearing on the matter at length." 539 F.Supp. 224, 228 (S.D.N.Y. 1982).[2]

Federal Rules of Civil Procedure Form 10 further establishes that Defendant's argument lacks merit. Form 10 is one of various sample complaints that, under Fed. R. Civ. P. 84, "are sufficient under the rules and are intended to indicate the simplicity and brevity of statement which the rules contemplate."[3] Form 10 is a sample complaint for injuries resulting from the willful, reckless, or negligent operation of a motor vehicle where the Plaintiff is unable to determine which Defendant is responsible. The following statement serves as an example of sufficient allegations of willfulness: "[D]efendant C.D. or Defendant E.F., or both Defendants C.D. and E.F., willfully or recklessly or negligently drove or caused to be driven a motor vehicle against Plaintiff who was then crossing said highway." Fed.R.Civ.P. Form 10. In this case, Plaintiff's allegations of willfulness are far more detailed and explanatory than the one word "willful" in Form 10, and thus are sufficient as a matter of law.

In addition, Defendant's arguments simply ignore several material allegations that directly relate to Defendant's willfulness: 1) Defendant was made aware by several third parties of its obligation to truncate credit and debit card account numbers and expiration dates, prior to the transaction at issue (Complaint, ¶¶ 44-46) ; 2) Defendant, in order to accept certain credit cards, contractually agreed to truncate credit card expiration dates (Complaint, ¶ 43); and 3)

---

[2] For example, Defendant argues that its intent to not violate FACTA is evidenced by its compliance with FACTA at its other locations. Defendant's Brief, p. 7. Plaintiff would respectfully suggest that this fact is evidence of recklessness, as opposed to a defense to willfulness. However, at this procedural juncture, it is inappropriate to consider Defendant's purported state of mind as a defense to willfulness.

[3] Indeed, the Advisory Committee Note to the 1946 Amendment of Rule 84 makes clear that the language utilized in Form 10 may be relied upon as being invulnerable to attack: "[T]he Appendix of Forms are sufficient to withstand attack under the rules under which they are drawn, and…the practitioner using them may rely on them to that extent."

Defendant was the recipient of abundant information about FACTA's truncation requirements, generally, including a May 2007 FTC Business Alert (Complaint, ¶¶ 16-41). These alleged facts relate specifically to Defendant's knowledge of FACTA's truncation requirements (or reckless disregard of FACTA's truncation requirements) and are not mere conclusory allegations, as Defendant suggests. These facts are sufficiently plausible to show that Defendant willfully violated FACTA.

Multiple federal courts (including several which considered the issue after the Supreme Court's decisions in *Bell Atlantic v. Twombly*, 550 U.S. 554 (2007), *Ashcroft v. Iqbal*, --- U.S. ---, 129 S. Ct. 1937 (2009) and *Safeco Insurance Co. of America v. Burr*, 551 U.S. 47 (2007) were rendered) have held that factual allegations, similar to those here, are sufficient to plead a willful violation of FACTA. Specifically, the Northern District of Illinois recently rejected an almost identical motion to dismiss, explaining as follows:

> W & W argues that Plaintiffs fail to allege facts to suggest willfulness. However, issues concerning a state of mind such as knowledge or willfulness often involve fact-intensive inquiries and are not ordinarily resolved at the motion to dismiss stage. *See United States v. Sabbia,* 2011 WL 1900055, at *6 (N.D.Ill.2011) (indicating that the defendants' intent was a "factual matter that is premature to address at" the motion to dismiss stage). At the motion to dismiss stage, the allegations must be accepted as true and viewed in the light most favorable to the plaintiff. *Iqbal,* 129 S.Ct. at 1949. Plaintiffs have provided allegations from which it can be plausibly inferred that W & W may have acted willfully. For example, Plaintiffs allege W & W engaged in the FACTA violations in multiple store locations during two separate time periods. (Compl.Par.37–40). Plaintiffs also allege that the credit card companies inform retailers such as W & W of FACTA requirements when the credit card companies provide services to retailers. (Compl.Par.17–23). Plaintiffs also allege that W & W agreed in its contract with VISA that it would comply with FACTA. (Compl.Par.17–23). Plaintiffs contend that W & W was also made aware of FACTA's requirements by the company that provided W & W with the point-of-sale credit card terminals. (Compl.Par.24–25). In addition, Plaintiffs allege that FACTA requirements are readily available on multiple public websites and could easily have been accessed by W & W. (Compl.Par.28–29). Plaintiffs also allege that W & W's business peers were able to comply with FACTA. (Compl.Par.35). Plaintiffs also allege that in order for W & W to print the receipts with the expiration dates, W & W needed to enter a

> special code on its own to add that feature to the receipts. (Compl.Par.41–43). Finally, as W & W itself points out, the Clarification Act was passed years before W & W's non-compliance. Plaintiffs have not been allowed to conduct discovery in this case and cannot be expected to have any more detailed insight into the state of mind of individuals working for W & W at this juncture. While Plaintiffs' allegations, even if true, do not on their face conclusively show W & W acted willfully, they are sufficient at the motion to dismiss stage to plausibly suggest a willful violation of FACTA. Whether W & W was simply acting negligently, as it claims, is a factual issue that cannot be resolved at the motion to dismiss stage. *Zaun v. Tuttle, Inc.,* 2011 WL 1741912, at *2 (D.Minn.2011) (concluding that the plaintiff had alleged sufficient facts regarding willfulness); *Buechler v. Keyco, Inc.,* 2010 WL 1664226, at *3 (D.Md.2010) (concluding that the plaintiff's "complaint plausibly alleges a willful violation of FACTA"). Plaintiffs will have to point to sufficient evidence to support their willfulness claim at the summary judgment stage. Therefore, the motion to dismiss is denied.

*Sanders v. W & W Wholesale, Inc.*, 2011 WL 4840978 at *2 (N.D.Ill. Oct. 12, 2011). *See also Zaun v. Tuttle, Inc.*, 2011 WL 1741912 (D.Minn. May 4, 2011) (The plaintiff sufficiently pled a willful violation of FACTA where the allegations were that the enactment of FACTA and the Clarification Act were well publicized, and the defendant was informed by a third party that its point of sale terminals needed to be upgraded to comply with the law); *Buechler v. Keyco, Inc.*, 2010 WL 1664226 at *3 (D.Md. Apr. 22, 2010) (denying the defendant's motion to dismiss where the allegations described "the well-publicized enactment of FACTA provision in 2003; FTC guidance; the 2007 Clarification Act (which required expiration date truncation); similar requirements in the private sector; and FACTA compliance by its competitors"); *Kubas v. Standard Parking Corp.*, 594 F.Supp. 2d 1029, 1031-32 (N.D.Ill. 2009) (Holding that allegations that "FACTA was enacted in 2003 and gave merchants three years within which to comply; Defendants knew about the requirement because card issuers informed them and required compliance with the statute in their contracts with merchants before the mandatory compliance

date; and most of Defendants' peers brought their processes into compliance with FACTA but Defendants failed to comply" were sufficient to support an allegation of willfulness).[4]

This Court should similarly deny Defendant's motion to dismiss. Plaintiff's Complaint provides equal, if not more, detail regarding Defendant's willfulness as the FACTA complaints analyzed in the decisions discussed above and these facts plausibly demonstrate that Defendant willfully violated FACTA sufficient to survive a motion to dismiss. Whether Defendant's violation of FACTA was merely negligent, as it claims, is a factual issue that cannot be resolved at this procedural juncture.[5]

---

[4] The cases on which Defendant relies in its brief are distinguishable. For example, *Gardner v. Appleton Baseball Club, Inc.*, 2010 WL 1368663 (E.D.Wis. Mar. 31, 2010) , *Huggins v. SpaClinic, LLC*, 2010 WL 963924 (N.D.Ill. Mar. 11, 2010) and *Rosenthal v. Longchamp Coral Gables LLC*, 603 F.Supp. 2d 1359 (S.D.Fla. 2009), involved truly barebones complaints. In those cases, the plaintiffs simply alleged that the defendants' violations of FACTA were willful with virtually no supporting factual allegations beyond the claim that there had been publicity surround FACTA's requirements. Furthermore, in *Seo v. CC CJV American Holdings, Inc.*, the court granted the defendant's motion to dismiss where plaintiff alleged that a trade association, to which defendant belonged, posted information on its web site regarding FACTA's truncation requirements, but there was no evidence that the defendant had actually seen that information. 2011 WL 4946507 (C.D.Cal. Oct. 18, 2011). Respectfully, whether defendant had seen the information, however, was a question of fact for a jury that should never have been considered on a motion to dismiss, much less resolved in favor of the defendant. At any rate, Plaintiff, here, has alleged facts in support of his claim for willfulness significantly in excess, and in significantly greater detail, than those alleged in *Seo*.

[5] Defendant's argument that Plaintiff has failed to adequately allege willfulness because Defendant's conduct created no "unreasonable risk of harm" is similarly without merit. Defendant's Brief, p. 9. In fact, the United States has squarely rejected the argument that Congress found no harm in printing the expiration date, as demonstrated by its intervening brief filed in *Hepokoski v. Brickwall of Chicago*, 09-cv-611 (N.D.Ill.): "Brickwall characterizes the finding on which it relies as follows: 'Congress found that printing an expiration date does not present any risk or injury to the consumer's identity or credit.' Def. Motion at 14. Congress found no such thing. *** Congress clarified that printing of an expiration date on any receipt issued 'between December 4, 2004 and June 3, 2008,' without any other violation appearing on the receipt, would not constitute willful noncompliance with FACTA." See Response of the United States in Opposition to Defendant's Rule 12(b)(6) Motion to Dismiss attached hereto as Exhibit 1 at p. 9. The United States further stated:

> It was in this context that Congress made the finding, mischaracterized by Brickwall, that "Experts in the field agree that proper truncation of the card number, by itself, . . . regardless of the inclusion of the expiration date, prevents a potential fraudster from perpetrating identity theft or credit card fraud." Pub.L. 110-241, § 2(a)(6). Nonetheless, and despite the view of these "experts," Congress expressly made the printing of a card's expiration date after June 3, 2008, even on a receipt on which the card number is properly truncated, a violation. It is Congress that determines what its laws require and prohibit; and Congress, having acted to remedy any prior misunderstanding with respect to FACTA's expiration date prohibition, determined that the willful printing of a card's expiration date on a receipt after June 3, 2008, justifies statutory damages.

*Id.*, pp. 9-10.

14

## V. **CONCLUSION**

For all the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendant's motion to dismiss.

Respectfully Submitted,

/s/ Gary F. Lynch
Gary F. Lynch
glynch@carlsonlynch.com
R. Bruce Carlson
bcarlson@carlsonlynch.com
CARLSON LYNCH LTD.
P.O. Box 367
Sewickley, PA 15143
(p) 412 749-1677
(f) 412 749-1686

John J. Edson
lesterlaw@comcast.net
400 Broad Street, Suite 2001
Sewickley, PA 15143
(p) 412 741-1445

Steven J. Mogul
smogul@grossminsky.com
GROSS, MINSKY & MOGUL P.A.
23 Water Street, P.O. Box 917
Bangor, ME 04402
(p) 207 942-4644

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was served upon all counsel of record via the Court's electronic filing system on this 17th day of February, 2012.

/s/ Gary F. Lynch